UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-FLINT

In re:  Chapter 11

LAPEER AVIATION, INC.

Case No. 21-31500-jda
Hon. Joel D. Applebaum

      Debtor.
_____/

CARL JENNINGS,

      Plaintiff,

v.  Adv. No. 22-3002

LAPEER AVIATION, INC.

      Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

The matter before the Court is Defendant's Motion to Dismiss the Adversary Proceeding filed by Carl Jennings ("Plaintiff") against Lapeer Aviation ("Defendant"). In the Adversary Proceeding, Plaintiff seeks to hold non-dischargeable Defendant's alleged debt to Plaintiff under 11 U.S.C. § 523(a)(4) and § 523(a)(6). For the following reasons, this Court GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6).

I.

FACTUAL BACKGROUND

Lapeer Aviation, Inc. ("LAI") was formed in 1997 to provide aeronautical services including, but not limited to, fueling, flight lessons, and aircraft maintenance for the Du-Pont Airport in Lapeer County. CG Acquisitions, Inc. is the sole shareholder of LAI.

Sometime in February or March of 2018, Defendant LAI entered into an agreement with Plaintiff Carl Jennings concerning work to be done with respect to a Cessna 340A. Issues concerning this agreement are the subject of a state court dispute.

On November 5, 2021, LAI filed for chapter 11 bankruptcy, electing to proceed under Subchapter V. 11 U.S.C. § 1181, *et. seq*. On November 9, 2021, CG Acquisitions filed for chapter 11 bankruptcy, also electing to proceed under Subchapter V. (Case No. 21-31511). On January 11, 2022, the parties stipulated to the entry of an order allowing the joint administration of the Lapeer Aviation and CG Acquisitions bankruptcy cases.

On February 4, 2022, Jennings filed this adversary proceeding in an effort to have his claims against LAI found non-dischargeable. To that end, Jennings filed a three-count complaint in which he alleged that Debtor/Defendant LAI's debt to Plaintiff Jennings is non-dischargeable under § 523(a)(4)(for fraud or defalcation

while acting in a fiduciary capacity, embezzlement, or larceny) and § 523(a)(6)(for willful and malicious injury).

On March 3, 2022, Defendant LAI filed a motion to dismiss the adversary proceeding.

On March 21, 2022, Plaintiff Jennings filed a response to the motion to dismiss.

II.

STANDARD FOR DISMISSAL

Motions to dismiss for failure to state a claim are governed by Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), the complaint is viewed in the light most favorable to plaintiffs, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of plaintiffs. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. Mich. 2011); *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.*

3

## III.

## ANALYSIS

The matter before the Court concerns a case filed under Subchapter V of the Bankruptcy Code, commonly known as the Small Business Reorganization Act of 2019 ("SBRA"). 11 U.S.C. §§ 1181, et. seq. Congress enacted the SBRA, in part, to address aspects of a traditional chapter 11 case that arguably do not work well or efficiently for small businesses and individuals who meet the definition of "debtor" set forth in § 1182. The discharge provisions for Subchapter V cases depend on whether plan confirmation is consensual or non-consensual. If, as in this case, plan confirmation is non-consensual, §1192 provides:

> If the plan of the debtor is confirmed under section 1191(b) of this title [the cramdown provision for Subchapter V cases], as soon as practicable after completion by the debtor of all [plan] payments ..., the court shall grant the debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in the plan, *except any debt ... of the kind specified in section 523(a) of this title*.

(emphasis added).

In this case, Plaintiff's Complaint seeks a finding that Defendant's alleged debts to Plaintiff are excepted from discharge under §§ 523(a)(4) and (a)(6). Sections 523(a)(4) and (6) state:

> (a) A discharge under section 727, 1141, 11921 1228(a), 1228(b), or 1328(b) of this title does not discharge *an individual debtor* from any debt—
> \* \* \*

4

> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
>
> \*   \*   \*
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

11 U.S.C. § 523 (emphasis added).

Although neither Plaintiff nor Defendant addressed the statutory language, the first sentence of § 523(a) clearly limits the denial of discharge to "an individual debtor." Because Defendant LAI is a corporation and not an individual debtor, actions under § 523(a) are not applicable to it. There are innumerable pre-SBRA cases which support this finding. *See, In re MF Glob. Holdings, Ltd.*, No. 11-15059(MG), 2012 WL 734175, at \*3 (Bankr. S.D.N.Y. Mar. 6, 2012) (citing *Adam Glass Serv., Inc. v. Federated Dep't Stores*, Inc., 173 B.R. 840, 842 (E.D.N.Y. 1994) (finding that § 523(a) "only applies to individual debtors" and "is not applicable to corporate debtors"); *Savoy Records Inc. v. Trafalgar Assocs. (In re Trafalgar Assocs.)*, 53 B.R. 693, 696 (Bankr. S.D.N.Y. 1985) (holding that § 523(a) "on its face applies only to individual debtors"); *Williams v. Sears Holding Co.*, No. 06-PWG-455-M, 2008 WL 11424255, at \*4 (N.D. Ala. Mar. 28, 2008) ("The discharge exception of 11 U.S.C. § 523(a)(2)(A) which applies only to an individual debtor, does not apply to Kmart, a corporate debtor."); *Garrie v. James L. Gray, Inc.*, 912 F.2d 808, 812 (5th Cir. 1990) ("Moreover, the 'willful and malicious injury'

exception to discharge, like all of the exceptions to discharge found in section 523(a), applies only to individual, not corporate, debtors.").

Since the enactment of the SBRA, the several courts that have considered the applicability of § 523(a) in the context of Subchapter V's discharge provisions governing non-consensual plans, 11 U.S.C. § 1192, have also found that § 523(a) does not apply to non-individual debtors. *In re Satellite Restaurants Inc. Crabcake Factory USA*, 626 B.R. 871 (Bankr. D. Md. 2021); *In re Cleary Packaging, LLC*, 630 B.R. 466 (Bankr. D. Md. 2021); *In re Rtech Fabrications, LLC*, 635 B.R. 559 (Bankr. D. Idaho 2021). This Court finds the reasoning in these opinions entirely persuasive and adopts and incorporates them here.

IV.

CONCLUSION

Because, as a matter of law, LAI, a corporation, is not subject to actions under § 523(a), this Court finds that Plaintiff has failed to state a claim for which relief can be granted. Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is GRANTED.

**Signed on April 13, 2022**



/s/ Joel D. Applebaum
_____
**Joel D. Applebaum**
**United States Bankruptcy Judge**